**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4840**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

DARYL SCOTT BARROW,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:09-cr-00090-JPB-DJJ-1)

_____

Submitted:  February 15, 2011        Decided:  March 16, 2011

_____

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

Kristen Leddy, Research and Writing Specialist, L. Richard
Walker, Senior Litigator, FEDERAL PUBLIC DEFENDER OFFICE,
Clarksburg, West Virginia, for Appellant.  William J. Ihlenfeld,
II, United States Attorney, Thomas O. Mucklow, Assistant United
States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daryl Scott Barrow pled guilty, pursuant to a written plea agreement, to one count of distribution of heroin, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 2006 & Supp. 2010). The parties stipulated in the agreement to a ninety-six month prison sentence, see Fed. R. Crim. P. 11(c)(1)(C), and the district court sentenced Barrow in accordance with the agreement. On appeal, Barrow's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court committed plain error by failing to calculate Barrow's Guidelines range under the U.S. Sentencing Guidelines Manual (2009). The Government seeks enforcement of Barrow's waiver of appellate rights in the plea agreement. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151

(4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Barrow knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's request and dismiss the appeal of Barrow's sentence. Although Barrow's appeal waiver insulates his sentence from appellate review, the waiver does not preclude our consideration of the validity of Barrow's conviction in accordance with Anders.

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for review. We therefore affirm Barrow's conviction and dismiss the appeal of his sentence. This court requires that counsel inform Barrow, in writing, of the right to petition the Supreme Court of the United States for further review. If Barrow requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barrow.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
